Charlotte HUNTER, Plaintiff,

v.

**COUNTRYSIDE ASSOCIATION FOR THE HANDICAPPED, INC., et al., Defendants.**

No. 88 C 8679.

United States District Court,
N.D. Illinois, E.D.

Oct. 30, 1989.

See also 710 F.Supp. 233.

Alan D. Lyons, Armand L. Andry, Oak Park, Ill., for plaintiff.

Steven G. Seliger, Steven G. Seliger, Ltd., Chicago, Ill., for defendants.

---

**1278**

## ORDER

BUA, District Judge.

Based on allegations of sexual harassment, plaintiff Charlotte Hunter filed this Title VII action against her former employer, defendant Countryside Association for the Handicapped, Inc. ("Countryside"). Countryside has moved for summary judgment, arguing that there is no basis for employer liability. This court agrees, and grants Countryside's motion for summary judgment.

■ In determining whether an employer should be held liable for acts of sexual harassment by its employees, the Supreme Court has directed the courts to "look to agency principles for guidance." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72, 106 S.Ct. 2399, 2408, 91 L.Ed.2d 49 (1986). "While such common-law principles may not be transferable in all their particulars to Title VII, Congress' decision to define 'employer' to include any 'agent' of an employer ... evinces an intent to place some limits on the acts of employees for which employers under Title VII are to be held responsible." *Id.* (citation omitted). However, not only can an employer be held liable for the acts of its supervisors and managers, but it may also be responsible for the conduct of its lower-level employees if the employer knew or should have known of the sexual harassment and failed to take reasonable corrective measures. *See id.* at 74–75, 106 S.Ct. at 2409 (Marshall, J., concurring); *North v. Madison Area Ass'n for Retarded Citizens*, 844 F.2d 401, 407 (7th Cir.1988); *Hunter v. Allis–Chalmers Corp., Engine Div.*, 797 F.2d 1417, 1421–22 (7th Cir.1986).

Within this framework, this court may grant summary judgment only if there are no genuine issues of material fact and Countryside is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Although the facts and all inferences drawn from them must be viewed in a light most favorable to Hunter, she must do more than merely "show that there is some metaphysical doubt as to the material facts." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988) (quoting *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)). Hunter has failed to do so in this case.

■ Hunter seeks to hold Countryside liable for the alleged rape that occurred in the apartment of one of its former employees, defendant Robert Hemphill. But Hemphill did not have the kind of supervisory authority necessary to impute his conduct to the corporation. *See Hunter*, 797 F.2d at 1422. Indeed, Hemphill had absolutely no staff supervision responsibilities whatsoever. His title was "client supervisor": Hemphill supervised Countryside's clients, not Countryside's employees. He had no power to hire, promote, or fire other employees. All decisions regarding Hunter's terms of employment, including evaluation and discipline, were made by Countryside's programs manager. Hemphill never ordered Hunter to perform any task. Besides, Hemphill had no authority to discipline her if she did not do what he asked. Any problems or conflicts that arose were to be resolved by the programs manager. Despite Hunter's claim that she went to Hemphill's apartment with the understanding that he was holding a company meeting, Hemphill did not have the actual or apparent authority to call meetings off the premises and after work hours. Rather, it was within the authority of the programs manager to conduct staff meetings—the programs manager conducted such meetings every Wednesday. Countryside did not sponsor staff meetings, gatherings, or parties off the premises and after working hours.

Moreover, there is no evidence that Countryside knew or should have known that one of its employees was engaging in sexual harassment. Prior to the alleged rape, there were no complaints of sexual harassment made by Hunter or any other employee. Even Hunter admits that there was never any suggestion of sexual harassment or inappropriate behavior on the part of Hemphill. In fact, she characterized her relationship with him as friendly. Thus, Countryside could not have foreseen the occurrence of this isolated event. Country-

side, nevertheless, took prompt remedial measures after the incident by placing Hemphill on an unpaid leave of absence pending the outcome of his rape trial. After Hemphill was acquitted, Countryside's executive director told Hemphill that it would be in everyone's best interests if he did not return to work for Countryside. Hemphill agreed and did not go back to work.

Consequently, there is no grounds for a finding of employer liability. Because Hunter's factual allegations would not lead a rational trier of fact to rule in her favor, Countryside's motion for summary judgment is granted.